924 F.2d 1051
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carlton M. GREEN, Richard C. Daniels, Plaintiffs-Appellees,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,
Defendant-Appellant.
Carlton M. GREEN, Richard C. Daniels, Plaintiffs-Appellants,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,
Defendant-Appellee.
 Nos. 89-2311, 89-2326.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 5, 1990.
Decided Feb. 4, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-88-1159-A)
 Joseph L.S. St. Amant, McGuire, Woods, Battle & Boothe, Richmond, Va. (Argued), for appellant; Elizabeth E.S. Skilling, McGuire, Woods, Battle & Boothe, Richmond, Va., on brief. John Howson Rust, Jr., Rust, Rust & Silver, P.C., Fairfax, Va. (Argued), for appellees; Donna H. Henry, Rust, Rust & Silver, P.C., Fairfax, Va., on brief.
 E.D.Va. [WITHDRAWN & SUPERSEDED FROM 896 F.2D 546].
 REVERSED.
 Before WIDENER, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In assessing coverage under insurance policies, it is common practice to commence with exclusions. In the wish to stimulate interest in the purchase of policies, insurers understandably want coverage to be as broadly stated as possible and, correspondingly, exclusions to seem as limited as possible. That encourages, however, occasional ambiguity, and when it occurs, courts are alert to the customary bargaining inequality of insurer and insured, construing the ambiguity against the insurer. Bornstein v. Nat'l Union Fire Ins. Co., 828 F.2d 242, 245 (4th Cir.1987).
 
 
 2
 Here we are confronted by a case where the policy exclusions did not, at least not clearly and unmistakably, render the transaction beyond the coverage. That led originally to a ruling in a two-to-one split, in the insured's favor. Green v. Nat'l Union Fire Ins. Co., No. 89-2311 (4th Cir. Feb. 5, 1990) (unpublished) (case table 896 F.2d 546), reh'g granted, Mar. 29, 1990.
 
 
 3
 In the ensuing reexamination of the question presented, the Court has concluded that the true focal point lies not in the scope of exclusions, a secondary matter, but in the language of coverage itself, which is primary. When one so directs attention, it becomes pellucidly clear that, there being no duty to reimburse any sanction imposed on the insured, there was no obligation to assume liability for the expenses of affording a defense to a claim for sanctions. Exclusion (k) of the policy clearly provides that the policy does not apply "to any punitive or exemplary damages, fines, sanctions or penalties, or the return of or reimbursement for legal fees, costs or expenses." Standing alone, that exclusion does not unmistakably, if at all, bar coverage of defense costs. However, with regard to coverage for Defense and Settlement, section II of the policy states,
 
 
 4
 The company shall have the right and duty to defend, subject to and as part of the limits liability, any suit against the insured seeking damages which are payable under the terms of this policy....
 
 
 5
 (Emphasis added.) As a liability matter, there was no coverage to begin with, hence no necessity for an exclusion.
 
 
 6
 Thus, the opinion appearing at No. 89-2311, slip op. at 3, is withdrawn and the dissent thereto, appearing at No. 89-2311, slip op. at 10, is adopted as the opinion of the Court.
 
 
 7
 REVERSED.
 
 
 8
 WIDENER, Circuit Judge, dissents.
 
 WIDENER, Circuit Judge, dissenting:
 
 9
 I respectfully dissent. I would affirm for the reasons stated in the initial opinion of the panel.